**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Smith, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>Assurance IQ, LLC, d/b/a Mortgage.net,<br><br>                Defendant. | No. CV-22-01732-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Assurance IQ, LLC's Motion to Dismiss (Doc. 16). For the following reasons, Defendant's motion is denied.

## BACKGROUND

For approximately ten years, Plaintiff Jonathan Smith has been the sole user of the telephone number (XXX) XXX-3226. (Doc. 13 at 2.) In June 2022, without Plaintiff's consent, Defendant called Plaintiff's cell phone sixteen times. (*Id.* at 3–4.) At least two of the sixteen calls were artificial or prerecorded voice messages regarding a mortgage loan and an insurance request. (*Id.* at 3.) Defendant intended to reach Peter Marshall, an individual unknown to Plaintiff. (*Id.* at 3–4.) Plaintiff returned Defendant's calls and informed Defendant that he was not Peter Marshall. (*Id.* at 4.) Defendant acknowledged that it called the wrong number and ceased contacting Plaintiff. (*Id.*; Doc. 16 at 2, 7.)

Plaintiff thereafter filed his First Amended Class Action Complaint (Doc. 13) against Defendant under the Telephone Consumer Protection Act (the "Act" or "TCPA"),

47 U.S.C. § 227, requesting treble damages amongst other relief. (Doc. 13 at 10.) In response, Defendant filed a motion to dismiss Plaintiff's request for treble damages with prejudice. (Doc. 16 at 2.)

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (omission in original). To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### II. Analysis

Plaintiff pleads sufficient facts to survive a motion to dismiss. To establish a claim under the TCPA for violating 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must plead that (1) the defendant called a telephone number (2) using an automatic telephone dialing system (3) for non-emergency purposes (4) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii); *see Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The Act "allows a plaintiff to recover 'actual monetary loss' when that loss is higher than the fixed statutory award of $500 per negligent violation . . . ." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 809 (9th Cir. 2017) (Tallman, J., dissenting) (quoting 47 U.S.C. § 227(b)(3)). A court may award treble damages "if 'the

defendant willfully or knowingly violated' the Act." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 67 (2016) (quoting 47 U.S.C. § 227(b)(3)). In doing so, Plaintiff alleged that Defendant's practice of making automated calls to persons whose names it has obtained through webform submissions inevitably results in at least some calls being made to persons who have not provided consent to such calls. It further alleges facts by which Defendant was actually aware of this fact. (Doc. 13 at 5–6.)

Defendant asserts that Plaintiff's request for treble damages should be dismissed for failure to adequately allege a "willful" or "knowing" violation. (Doc. 16 at 4–7.) In support of its request, Defendant cites four district court cases. *See e.g., Canary v. Youngevity Intl, Inc.*, No. 5:18-CV-03261-EJD, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) (dismissing plaintiff's cause of action for treble damages because plaintiff "failed to adequately plead a violation of the TCPA [for statutory damages] and because it consists of nothing more than bare-bones legal conclusions unsupported by facts"); *Woods v. CV McDowell, LLC.*, No. CV H-17-0152, 2018 WL 1187492, at *4 (S.D. Tex. Feb. 5, 2018), *memorandum and recommendation adopted Woods v. CV McDowell, LLC*, No. 4:17-CV-00152, 2018 WL 1183714 (S.D. Tex. Mar. 5, 2018) (denying a request for treble damages because "there are simply insufficient allegations in the Complaint, and no evidence submitted by Plaintiffs with his Motion for Default Judgment, that would support an award of treble damages based on defendant's willful violations of § 227(b)(1)(B)"); *Castro v. Cap. One Servs., LLC*, No. 8:16-CV-889-T-17TGW, 2017 WL 4776973, at *4–5 (M.D. Fla. Aug. 3, 2017) (granting in part Plaintiff's motion for default judgment and awarding statutory damages but not treble damages because the "sparse record in this case does not adequately support a finding that [the] Defendant[s] acted willfully or knowingly") (quoting *Dores v. One Main Fin.*, No. 1:15-cv-01609-LO-MSN, 2016 WL 3511744, at *3 (E.D. Va. June 1, 2016)) (alterations in original); *Health One Med. Ctr., Eastpointe, P.L.L.C. v. Mohawk, Inc.*, No. 16-CV-13815, 2017 WL 1132337, at *2 (E.D. Mich. Mar. 27, 2017) (granting default judgement and awarding statutory damages but not treble damages because the "plaintiff has not articulated which of its allegations would support a

1  finding that the violations were willful or knowing").

2  The *Canary* line of cases is distinguishable. The plaintiff's claims were dismissed because the "allegations [were] insufficient to support a plausible inference that [the defendant] made the call." 2019 WL 1275343, at *3. Because the plaintiff failed to plead a violation under the Act, the court dismissed plaintiff's request for treble damages. *Id.* at *9. Here, Defendant does not dispute that it made at least one of the sixteen calls to Plaintiff. (Doc. 13 at 3-4, ¶¶ 15–16, 33.) Moreover, Defendant does not challenge Plaintiff's claim that (1) Defendant called Plaintiff's cell phone number (2) using an automatic telephone dialing system (3) for non-emergency purposes (4) without the Plaintiff's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The remaining cases relied on by Defendant address awarding treble damages in the context of a default judgment, not a motion to dismiss.

Plaintiff has plausibly alleged that Defendant knew it was making at least some automated calls to persons who had not authorized those calls. Courts in the Ninth Circuit have declined to dismiss causes of action for knowing or willful violations and requests for treble damages when the plaintiff sufficiently pleads that a defendant knowingly or willfully used an automatic telephone dialing system to contact the plaintiff without prior express consent. *See e.g., Keifer v. HOSOPO Corp.*, No. 3:18-cv-1353-CAB-(KSC), 2018 WL 5295011, at *3, 5 (S.D. Cal. Oct. 25, 2018) ("[T]he Court finds the knowing and willful violations of the TCPA have been sufficiently pled [because t]he FAC alleges, that 'the foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA.'") (citing the record); *Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS, 2014 WL 3101426, at *2, 4 (C.D. Cal. July 7, 2014) (finding that the "allegations are sufficient to state claims for negligent, knowing, and/or willful violations of the TCPA" after the "[p]laintiff alleges that these actions resulted in negligent, knowing, and/or willful violations of the TCPA").

Here, Plaintiff alleges that on May 12, 2020, Defendant filed a Petition for Expedited Declaratory Ruling with the Federal Communications Commission seeking a

declaratory judgment regarding a pending lawsuit. (Doc. 13 at 5.) The lawsuit concerned a plaintiff who "filed a class action complaint alleging that he did not consent to [a] call, and that Assurance violated the TCPA's delivery restrictions." (*Id.*) Defendant noted in the petition that "the company faces potential liability in a putative nationwide TCPA class action lawsuit for calls made based on a reasonable and good faith belief that a valid consent had been obtained," and "in the absence of the relief sought, callers cannot safely call numbers obtained via only webform submissions." (*Id.* at 5–6) (internal quotation omitted.) According to Plaintiff, "*Defendant was aware*" two years before calling Plaintiff, that its process "was susceptible to causing Defendant to deliver prerecorded messages to persons from whom it may not have consent." (*Id.* at 6) (emphasis added). Moreover, Plaintiff alleges that "*Defendant* [*was*] *well aware*, the North American Numbering Plan Administrator allocates a limited quantity of telephone numbers to voice service providers, usually in blocks of a thousand numbers. These providers routinely 'recycle' telephone numbers by returning them to their aging numbers pool for a period following disconnection and by subsequently reassigning them to new subscribers." (*Id.*) Also, the Federal Communications Commission noted that approximately thirty-five million telephone numbers are disconnected each year, and one hundred thousand numbers are reassigned [ ] daily. (*Id.*) (emphasis added).

Plaintiff asserts that "Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent." (*Id.*) Defendant "delivered to telephone number (XXX) XXX-3226 at least two artificial or prerecorded voice message[s]." (*Id.* at 3.) Defendant voluntarily contacted Plaintiff without his prior consent, (*Id.* at 4), for non-emergency purposes, (*Id.*). And, as a result, Plaintiff suffered actual harm, "an invasion of privacy, an intrusion into his life, and a private nuisance." (*Id.* at 6.)

As shown above, a combination of allegations like those in Plaintiff's First Amended Complaint (Doc. 13) are sufficient to withstand a motion to dismiss. Thus, Plaintiff's allegations, accepted as true for the purposes of this motion, "raise a right to

relief above the speculative level" that Defendant willfully and knowingly violated the TCPA. *See Twombly*, 550 U.S. at 555.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 16) is **DENIED.**

Dated this 21st day of November, 2023.

_____
G. Murray Snow
Chief United States District Judge